# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 15-927V

Filed: October 13, 2016

```
* * * * * * * * * * * * * * * * * * * * * * * * *
SARAH HENLEY,                        *        UNPUBLISHED
                                     *
                                     *        Special Master Hamilton-Fieldman
                  Petitioner,        *
                                     *
v.                                   *        Attorneys' Fees and Costs;
                                     *        Reasonable Amount Requested
SECRETARY OF HEALTH                  *        to which Respondent Does Not
AND HUMAN SERVICES,                  *        Object.
                                     *
                  Respondent.        *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

Kelly D. Burdette, Burkett & Burdette, Seattle, WA, for Petitioner.
Voris E. Johnson, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On August 25, 2015, Sarah Henley ("Petitioner") petitioned for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that the administration of a human papillomavirus ("HPV") vaccine on August 2, 2012 caused her to develop postural tachycardia syndrome. Petitioner then obtained the counsel of Kelly Burdette who entered an appearance as Petitioner's attorney of record on December 30, 2015. On September 21, 2016, the parties filed a joint stipulation of dismissal pursuant to Vaccine Rule 21(a)(1)(B). The undersigned issued an order concluding the proceedings and

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. See 44 U.S.C. § 3501 (2012). Each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

dismissed this case without prejudice that same day.

On October 7, 2016, Petitioner filed an application for attorneys' fees and costs. Petitioner requested compensation in the amount of $8,396.17 for attorneys' fees and costs, of which $473.90 were costs personally incurred by Petitioner's mother for filing this case on Petitioner's behalf. Petitioner's Application at 2, filed Oct. 7, 2016. Petitioner requested that the sum of $473.90 be paid to her attorneys, who will reimburse her mother. Petitioner's Statement Exhibit 3 at 1, filed Oct. 7, 2011. On October 11, 2016, Respondent filed a response to Petitioner's application. "Respondent does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date." Response at 1, filed Oct. 11, 2016. Respondent noted that her lack of objection should not be construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs. *Id.*

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner's request for fees and costs is reasonable. **Accordingly, the undersigned hereby awards the amount of $8,396.17, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Kelly D. Burdette, of Burkett & Burdette. From this award, Petitioner will be reimbursed $473.90 for costs personally incurred.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).